[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM
This is an action by the plaintiff hospital to recover fees for medical services rendered to the defendant. The defendant has filed an answer and special defenses. In addition, he has filed the substituted counterclaim which is the subject of the instant motion to strike. The court, Fracasse, J., had previously stricken the defendant's two count counterclaim was based on alleged violations of General Statutes § 36a-464, the Creditor's Collection Practices Act ("CCPA") (Count One) and General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act ("CUTPA") (Count Two). As to the first count, citing Connecticut National Bank v. Montanari, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.), Judge Fracasse concluded that there was no private right of action under the CCPA and granted the motion to strike. The second count incorporated by reference the allegations of the first count along with factual allegations which are virtually identical to CT Page 12372 those contained in the one count substituted counterclaim. This count was stricken as well on the basis that the conduct complained of did not rise to the level of a CUTPA violation.
The only significant difference between the stricken two count counterclaim and the present one count counterclaim appears to be the contention that the conduct which formed the basis of the CCPA claim, even if that Act does not provide for a private right of action, would also constitute an unfair, unscrupulous and deceptive business practice.
It is quite possible that conduct which is violative of General Statutes § 36a-646 could also be found to be violative of CUTPA. The defendant/counterclaim plaintiff's allegations, however, are only that he received emergency medical treatment that he now claims he didn't want, that the hospital never sent an "accounting" and charged excessive fees, and that rather than responding to his complaints and demands for an explanation, the hospital instituted a lawsuit. These allegations, without more, do not change the situation from what it was at the time that Judge Fracasse granted the initial motion to strike what was then a two count counterclaim. The one count substituted counterclaim must therefore also be stricken.
The Motion to Strike is therefore granted.
Jonathan E. Silbert, Judge